

FILED
CHARLOTTE, NC

NOV 0 4 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
{CHARLOTTE DIVISION}**

| | |
|---|---|
| **NAEEM OMAR BETZ,** | **ORIGINAL COMPLAINT FOR** |
| **Plaintiff,** | **DAMAGES, STATUTORY,** |
| | **PUNITIVE, ACTUAL, FEES** |
| **v.** | **AND EXPENSES, COSTS,** |
| | **INJUNCTIVE RELIEF,** |
| **UNITED COLLECTION BUREAU, INC.** | **AND OTHER RELIEF,** |
| | **JURY TRIAL DEMANDED** |
| **Defendant.** | **(12 JURORS)** |
| | **Case No:** 3:25-cv-886 |

## <u>ORIGINAL COMPLAINT</u>

Plaintiff, Na'eem Omar Betz ("*Pro Se*"), (hereinafter referred to as Plaintiff) individually alleges

personal knowledge, personal investigation, and on information and belief, brings this Complaint

against Defendant United Collection Bureau, Inc., ("UCB"), and alleges as follows:

### <u>I. INTRODUCTION</u>

This is an action for damages, and injunctive relief against Defendants for engaging in unfair and

deceptive acts and practices in violation of federal and North Carolina state consumer protection

laws related to an alleged credit card debt. Plaintiff has been wrongfully subjected to

misinformation, financial hardship, and reputational harm due to Defendants' misleading practices.

1. Defendants have engaged in misleading and fraudulent conduct by falsely reporting,

misrepresenting, or otherwise failing to provide accurate information concerning the

alleged credit card debt. The false reporting has created substantial confusion and distress for

Plaintiff, impacting financial opportunities and access to credit.

2. Plaintiff seeks statutory, actual, and treble damages, and equitable relief, injunctive

and other relief, based on Defendant's repeated violations of:

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et* seq.,

North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA"),

N.C. Gen. Stat. §§ 75-1.1 *et* seq.,

North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. §§ 75-50 *et* seq.,

North Carolina Common Law for Intrusion Upon Seclusion (Invasion of Privacy).

3. To hold Defendants accountable for their deceptive practices, prevent further harm, and restore the integrity of Plaintiff's financial records. This lawsuit is necessary to correct the misleading information that continues to be reported and to ensure that Defendants adhere to fair and transparent financial reporting standards.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C.

§ 1367 (supplemental jurisdiction) as this action arises under federal, and North Carolina state consumer protection statutes.

5. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred within this district, and Defendants conduct business in North Carolina.

## III. PARTIES

6. Plaintiff Na'eem Omar Betz is a resident of North Carolina and a consumer as defined by applicable consumer protection laws.

7. Defendant United Collection Bureau, Inc. ("UCB") is an Ohio corporation with its principal place of business located at 5620 Southwyck Boulevard, Toledo, Ohio 43614. Defendant's principal

ORIGINAL COMPLAINT

2

business purpose is the collection of defaulted consumer debts on behalf of others. Defendant uses the mail, telephone, and electronic communications in its regular collection activities and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and N.C. Gen. Stat. § 75-50(3).

8. At all relevant times Defendant regularly conducted business in North Carolina and purposefully directed collection activities toward Plaintiff and other residents of this judicial district.

## IV. FACTUAL ALLEGATIONS

9. On or about August 6, 2025, Defendant mailed Plaintiff a collection letter regarding an alleged JPMorgan Chase Bank, N.A. credit-card account ending in 908 ("the alleged debt"). A true and correct copy is attached as Exhibit A.

10. The letter stated Plaintiff "had a credit card from JPMorgan Chase Bank, N.A." but provided no documentation verifying the account or proving Defendant's authority to collect.

11. Exhibit A lists "As of 07-31-25, you owed:" without any amount stated, then later declares "Total amount of the debt now: $3,839.50." The omission creates ambiguity as to accrued interest, fees, or time of default, creating confusion about the amount, accrual, and status of the debt.

12. Defendant offered to "settle this account for $1,919.75" and warned "We are not obligated to renew this offer," implying a limited-time settlement and pressuring immediate payment, with a false sense of urgency within the 30-day dispute.

13. Exhibit A directed Plaintiff to "Call or write us by 09-14-25 to dispute all or part of the debt," misleadingly suggesting that an oral dispute sufficed to preserve statutory rights or would invoke the same rights as a written dispute under 15 U.S.C. § 1692g(b).

14. The letter stated, "If you do not [dispute], we will assume our information is correct," which misleads the least sophisticated consumer into believing that failure to respond constitutes a legal admission of liability.

15. Exhibit A further declared, "We will use any information you give us to help collect the debt,"

implying aggressive use of personal data in a manner that chills consumers from asserting their rights.

16. Exhibit A omitted Defendant's North Carolina collection-agency permit number as required under state law.

17. On August 27, 2025, Plaintiff timely mailed a written Notice of Debt Dispute and Request for Validation / Verification Letter (attached as Exhibit B), disputing the debt in its entirety and requesting documentation, itemization, and ownership proof.

18. On August 30, 2025, Plaintiff sent a Federal Notice of Intent to Sue (Exhibit C), placing Defendant on notice of violations and affording an opportunity to cure.

19. Defendant failed to provide any validation or verification of the alleged debt as required by 15 U.S.C. § 1692g(b) and continued its collection activity, including maintaining the alleged balance and failing to mark the debt as disputed with the original creditor or any credit bureau.

20. Plaintiff has never received competent evidence proving that he owes any balance to UCB or to JPMorgan Chase Bank, N.A.

21. Defendant's acts form part of a deliberate pattern of standardized collection practices that misstate balances, obscure rights, and pressure consumers into premature payment.

22. As a result of Defendant's conduct, Plaintiff experienced confusion, stress, loss of sleep, and emotional distress, and was forced to expend time and effort to assert his legal rights.

23. As a direct and proximate result of Defendants' deceptive conduct, Plaintiff has suffered damages, including harm to credit, financial hardship, and emotional distress.

## IV. CLAIMS FOR RELIEF

### COUNT I:
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (FDCPA) (15 U.S.C. §§ 1692 *et* seq.)

24. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding

paragraphs 1–23.

25. Defendant violated the FDCPA by the conduct described in Exhibit A through multiple deceptive and unfair practices.

26. False or Misleading Representations (§§ 1692e(2)(A), 1692e(10), 1692g(a)(1)). Defendant's letter omits the "as-of" amount, ambiguously lists the "total now," and falsely implies the debt is valid and collectible without proof of ownership.

27. Overshadowing Rights (§ 1692g(b)). By coupling a "limited" settlement and "not obligated to renew" language with the 30-day dispute notice, Defendant overshadowed Plaintiff's validation rights.

28. Deceptive Dispute Instructions (§ 1692e(10)). The phrase "Call or write" misleads consumers into believing oral disputes trigger written-validation protections.

29. Unfair and Coercive Means (§ 1692f). Embedding a payment coupon and urgent settlement offer during the dispute period constitutes unfair collection means.

30. Injury in Fact: Plaintiff suffered confusion about the debt's status, anxiety, frustration, and wasted time and resources protecting his rights.

## COUNT II:
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT (NCDCA)
### (N.C. Gen. Stat. §§ 75-50 *et seq.*)

31. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs 1–30.

32. Defendant is a "debt collector" under § 75-50(3) and engaged in prohibited conduct toward a North Carolina consumer.

33. False or Misleading Representations (§ 75-54). Defendant misrepresented the amount, omitted its permit number, and suggested oral disputes suffice.

34. Unfair Threats and Coercion (§ 75-51). The "not obligated to renew" statement coerced payment

by implying imminent loss of a benefit.

35. Continued Collection Without Validation (§ 75-54(4)). After Plaintiff's written dispute, Defendant continued collection without providing required validation.

36. Injury in Fact: Plaintiff was misled about his rights and the debt's enforceability, pressured to pay under false urgency, and suffered emotional distress and loss of time.

## COUNT III:
## VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT (UDTPA) (N.C. Gen. Stat. §§ 75-1.1 *et seq.*)

37. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs 1–36.

38. Defendant's conduct in Exhibit A constitutes unfair and deceptive acts in commerce. Each NCDCA violation is a per se violation under § 75-56.

39. Defendant independently acted unfairly by concealing the debt's age, creating false urgency, and misrepresenting dispute rights and legal obligations.

a. Concealed the debt's true age and enforceability;

b. Created false urgency through the "limited" settlement;

c. Misstated statutory dispute rights; and

d. Omitted required state disclosures.

40. Injury in Fact: Plaintiff suffered stress, confusion, loss of time, and risk of economic harm from premature payment. Plaintiff seeks treble damages and attorneys' fees under §§ 75-16 and 75-16.1.

## COUNT IV:
## INTRUSION UPON SECLUSION (NORTH CAROLINA COMMON LAW)

41. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs 1–40.

42. By and through Exhibit A, Defendant intentionally intruded into Plaintiff's private affairs by: a.

Threatening to "use any information you give us to help collect the debt";

b. Mailing an intimidating, coercive letter that invaded his peace of mind; and

43. Defendant intentionally intruded upon Plaintiff's private affairs by threatening to use any

personal information for collection, sending a coercive settlement letter designed to disturb

Plaintiff's peace.

44. Such conduct was intentional, reckless, and highly offensive to a reasonable person.

45. Injury in Fact: Plaintiff experienced humiliation, emotional distress, loss of peace, anxiety, and

fear that his personal financial information would be misused or publicly exposed.

Plaintiff seeks compensatory and punitive damages.

## V. BASIS FOR INJUNCTIVE RELIEF

46. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding

paragraphs 1–45.

47. Defendant's standardized form letter (Exhibit A) and refusal to cease collection despite a written

dispute (Exhibit B) demonstrate a continuing pattern likely to affect Plaintiff and other North

Carolina consumers.

48. Absent an injunction, Defendant may again contact Plaintiff, report the alleged debt to credit

bureaus, or attempt further collection without validation and verification.

Plaintiff therefore seeks declaratory relief under 28 U.S.C. § 2201 declaring that Defendant's

practices as shown in Exhibit A violate:

a. The FDCPA §§ 1692e, 1692f, and 1692g; and

b. The NCDCA and UDTPA provisions identified above.

Plaintiff also seeks a permanent injunction under 15 U.S.C. § 1692k(a) and N.C. Gen. Stat. § 75-16

to:

a. Prohibit Defendant from collecting or attempting to collect the alleged debt without providing full

validation and verification.

b. Require Defendant to implement corrective training and compliance programs; and

c. Prohibit Defendant from reporting or re-reporting the disputed account to any credit bureau unless it first provides proper validation and verification.

49. Such equitable relief is necessary to prevent continuing injury to Plaintiff's privacy and statutory rights that monetary damages alone cannot remedy.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows;

- Award statutory and actual damages under the FDCPA;

- Award actual, treble, and attorneys' fees under the NCDCA and UDTPA

- Award compensatory and punitive damages for intrusion upon seclusion

- Enter injunctive relief as set forth above; and

- Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted this 29th day October 2025*

*/s/ Na'eem Omar Betz*
*Na'eem Omar Betz*
*1905 Taylor Avenue*
*Charlotte, North Carolina, 28216*
*Phone: (202) 706-8063*
*Email: nobetzo@gmail.com*

*Plaintiff, Pro Se*

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury (12 jurors) on all issues so triable.

ORIGINAL COMPLAINT
8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of October 2025, I filed the foregoing mailed by

(USPS) United States Postal Service Priority Mail or (UPS) United Parcel Service delivered to

Western District Court for North Carolina, Charlotte Division Clerk of Court through the CM/ECF

system which will automatically send electronic mail notification of such filing to the CM/ECF

registered participants as identified on the Electronic Mail Notice List in compliance with FRCP

Rule 5; Pursuant to Local Civil Rules of NCWD.

United Collection Bureau, Inc. ("UCB")
c/o Corporation Service Company
2626 Glenwood Avenue, Suite # 550
Raleigh, North Carolina 27608

United Collection Bureau, Inc. ("UCB")
5620 Southwyck Blvd.
Toledo, Ohio 43614
Tel: 1-954-754-4404 | (866) 209-0622
Website: https://ucbinc.com/
Email: ucbcompliance@ucbinc.com

*Defendant*

*/s/ Na'eem Omar Betz*
*Na'eem Omar Betz*
*1905 Taylor Avenue*
*Charlotte, North Carolina, 28216*
*Phone: (202) 706-8063*
*Email: nobetzo@gmail.com*

*Plaintiff, Pro Se*

Dated: October 29th, 2025